IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY W. THOMAS, | § | |
| | § | No. 108, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1403008516 (K) |
| Appellee. | § | |

Submitted: August 12, 2022
Decided: November 3, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) In 2015, a Superior Court jury found the appellant, Jeffrey Thomas, guilty of second-degree burglary, theft of a motor vehicle, second-degree conspiracy, and misdemeanor theft. Following the jury's verdict, the State moved to have Thomas declared an habitual offender under 11 *Del. C.* § 4214(a). The Superior Court granted the State's motion and sentenced Thomas as follows: (i) for second-degree burglary, as an habitual offender, to seventeen years of incarceration; (ii) for theft of a motor vehicle, as an habitual offender, to two years of incarceration; (iii) for second-degree conspiracy, as an habitual offender, to two years of

incarceration; and (iv) for misdemeanor theft, to one year of incarceration, suspended for decreasing levels of supervision. We affirmed Thomas's convictions and sentence on appeal.[1]

(2) Between 2015 and 2021, Thomas filed several motions for correction of an illegal sentence under Superior Court Criminal Rule 35(a). All of the motions, with the exception of one (which asked the court to modify Thomas's sentencing order to reflect that the court fees and costs were uncollectible), were denied.[2]

(3) On December 28, 2021, Thomas filed another motion for correction of an illegal sentence, arguing that his convictions for theft of a motor vehicle and misdemeanor theft should merge for sentencing because the thefts are the "same offense" for double jeopardy purposes. On January 7, 2022, the Superior Court denied the motion, finding that Thomas's sentence remains appropriate for the reasons stated at sentencing and that Thomas had failed to provide the court with any legal basis that would warrant the correction or modification of his sentence. Thomas did not appeal. Instead, Thomas filed yet another motion for correction of an illegal sentence. Citing this Court's 2019 decision in *Parker v. State*,[3] Thomas reiterated his argument that his convictions for theft of a motor vehicle and

---

[1] *Thomas v. State*, 2015 WL 9265084 (Del. Dec. 17, 2015).
[2] *See Thomas v. State*, 2021 WL 5822721 (Del. Dec. 7, 2021) (affirming the denial of Thomas's motion for correction of illegal sentence).
[3] *Parker v. State*, 201 A.3d 1181 (Del. 2019).

2

misdemeanor theft should merge for sentencing. The Superior Court denied the motion, finding that it was an impermissible repetitive motion under Rule 35(b), that Thomas's sentence remains appropriate for the reasons stated at sentencing, and that the motion was nearly identical to the one that the court had previously denied on January 7, 2022. This appeal followed.

(4) We review the denial of a motion for correction of an illegal sentence for abuse of discretion.[4] To the extent a claim involves a question of law, we review the claim *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(5) On appeal, Thomas argues that (i) under *Parker*, his separate sentences for theft of a motor vehicle and misdemeanor theft violate double jeopardy principles; (ii) under 11 *Del. C.* § 206, he could not be convicted for both theft and theft of a motor vehicle; and (iii) the grand jury's indictment was defective. Thomas's arguments are unavailing.

---

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(6)     As a preliminary matter, although it appears that the Superior Court mistakenly treated Thomas's motion as a motion for modification of sentence under Rule 35(b), rather than a motion for correction of sentence under Rule 35(a), we nonetheless affirm the Superior Court's denial of Thomas's motion on the independent and alternative ground that it lacked merit under Rule 35(a).[7]

(7)     Turning to the merits of Thomas's appeal, we reject Thomas's argument that our holding in *Parker* applies to his case.  In *Parker*, the defendant stole several vehicles—including one motorcycle and several ATVs and dirt bikes— from one location and at the same time.  Parker was charged with theft of a motor vehicle (for the motorcycle) and felony theft (for the ATVs and dirt bike).  On appeal, we held Parker's sentences for felony theft and theft of a motor vehicle violated the Double Jeopardy Clause because (i) theft of a motor vehicle and felony theft are the "same offense" for double jeopardy purposes and (ii) Parker committed the thefts at the same time, at the same location, and with the same criminal intent.[8]

(8)     Here, the State presented evidence at trial that Thomas unlawfully entered the victim's apartment, stole her computer and other personal property, and, *after leaving the apartment*, stole victim's motor vehicle.  Because the record

---

[7] *See Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment on the basis of a different rationale than that articulated by the trial court).
[8] *Parker*, 201 A.3d at 1192-93.

4

contains sufficient facts for a rational trier of fact to conclude that Thomas formed two distinct intents to steal—one to steal the victim's personal possessions from her apartment and one to steal the victim's motor vehicle after he left her apartment—our holding in *Parker* is not implicated, and Thomas's separate sentences for misdemeanor theft and theft of a motor vehicle do not violate double jeopardy principles.

(9)  We review Thomas's remaining two arguments, which were not presented to the trial court in the first instance, for plain error.[9]  There is no plain error here.  "Section 206 effectively codifies the test laid out by the United States Supreme Court in *Blockburger v. United States* for determining whether two offenses are the same for double jeopardy purposes.  Under this test, 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'"[10]  To put it another way, Section 206 applies where the defendant has committed one act or transaction—not here, where Thomas committed two separate thefts.  Finally,

---

[9] Del. Supr. Ct. R. 8.
[10] *Mills v. State*, 201 A.3d 1163, 1175 (Del. 2019) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

5

Thomas waived his argument that the indictment was defective by failing to raise it before trial.[11]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[11] Del. Super. Ct. Crim. R. 12(b) (providing that, absent specialized circumstances, any defense or objection based on defects in the indictment or information must be raised prior to trial or it is waived).